McKinney, J.,
delivered the opinion of the Court.
The complainant, who is a married woman, brought this bill, by her next friend, to set aside a conveyance, alleged to have been obtained from her by fraud, of her interest in the real and personal estate of her deceased father, Thomas Saunders, late of Grundy county.
The proof shows, that the defendant, William Cope, the husband of complainant, agreed to sell to the defendant, Meeks, his wife’s interest in said estate, including both the realty and personalty, for the consideration of §5400. For which Meeus executed to him his notes, except some small amount paid in hand.
A joint deed from Cope and wife to Meeks, for the wife’s undivided interest in the estate, was prepared, and the wife’s *388 signature to the same tos procured, at a distance from home, and in the absence of her husband, under circumstances which are calculated to excite strong suspicion as to the fairness of the transaction. But for some reason, not disclosed in the record, the husband did not execute said deed. And so far as we are informed, the contract, as to him, rests merely in parol. The clerk’s certificate of the wife’s acknowledgment and privy examination, in the usual form, is upon the deed: and it seems to have been registered some two years after-wards.
The complainant’s share of the real estate has not been laid off; and her distributive portion of the personalty remains in the hands of the administrator.
Passing by the question of fraud, we proceed to inquire whether this conveyance by the wife alone, is of any validity or effect.
By the common law, the conveyance of a feme covert, except by matter of record, was absolutely void. The only modes in which she could convey her real estate, were by fine and common recovery. 2 Kent’s Com., 150.
These methods of passing the freehold estate of the wife, were never in use in this State. The act of 1715, ch. 28, substituted a deed, jointly executed by husband and wife, and acknowledged in the form prescribed, instead of the common law modes of conveyance : and in no other way can the wife’s estate pass, under our law. It is indispensable that the husband shall be a party to his wife’s conveyance. She has no power, under the statute, to convey by her own deed; and such a conveyance is simply a nullity. 2 Kent’s Com., 154; 2 Story’s Eq. Jur., secs. 1391, 1392 and notes. The reason why the husband was required to join with his wife in the conveyance was, that his assent might appear upon the face of it, and to show he was present to protect her from imposition. Ibid. 152.
What effect, if any, this deed, if acquiesced in, might have in possible contingencies that might happen in future, we need not stop to inquire. It is sufficient for the present case *389 to say, tliat, being resisted, it is wholly inoperative; and, consequently, interposes no obstacle to the relief sought by the bill.
Decree affirmed.